UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                          Case No. 6:07-bk-00761-ABB
LOUIS J. PEARLMAN, *et al.*,                        Jointly Administered
                                                Chapter 11
Debtor.
_____/

SONEET R. KAPILA, as CHAPTER 11
TRUSTEE for TRANS CONTINENTAL
STUDIOS, INC.,
                                                Adv. P. No. 6:09-ap-_____
Plaintiff,

v.

DELTAMAX FREIGHT SYSTEM
CORPORATION,

Defendant.
_____/

## COMPLAINT TO AVOID AND RECOVER
## FRAUDULENT TRANSFERS AND FOR OTHER RELIEF

Plaintiff, Soneet R. Kapila, as the Chapter 11 Trustee ("Trustee" and/or "Plaintiff") for

the bankruptcy estate of Trans Continental Studios, Inc. ("TCS" or "Debtor") in Case No. 6:07-

bk-01504-ABB, by and through undersigned counsel, files his Complaint To Avoid and

Recover Fraudulent Transfers and for Other Relief against Deltamax Freight System

Corporation ("DMFS"), and alleges as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this Complaint pursuant to

28 U.S.C. §§ 1334 and 157.

2.      Venue is proper in this district under 28 U.S.C. § 1409.

3.     This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157 (b) (2) (A), (B), (H) and (O).

## PARTIES

4.     Plaintiff is the court-appointed Chapter 11 Trustee for the bankruptcy estates of TCS and each other jointly administered estates.

5.     Upon information and belief, DMFS is a California corporation.

## FACTUAL BACKGROUND

6.     On March 1, 2007 (the "Pearlman Petition Date"), Tatonka Capital Corporation, Integra Bank, National Association, American Bank of St. Paul, and First National Bank & Trust Company of Williston (collectively, the "Petitioning Creditors") filed against Louis J. Pearlman ("Pearlman") an involuntary petition under Chapter 11 of the Bankruptcy Code.

7.     On March 8, 2007, the Petitioning Creditors filed an emergency motion for appointment of a Chapter 11 trustee (Dkt. No. 6; the "Emergency Motion"). As set forth in the Emergency Motion, upon information and belief, Pearlman has been involved in one of the largest "Ponzi" schemes in the State of Florida based, among other things, on fraudulent investments offered in connection with Trans Continental Airlines, Inc. ("TCA"), an entity controlled by Pearlman.

8.     On March 16, 2007, this Court entered its Order Directing the Appointment of Chapter 11 Trustee for Pearlman (Dkt. No. 26).

9.     On March 27, 2007, the United States Trustee filed its Notice of Appointment of Trustee (Dkt. No. 39), appointing Plaintiff as the Chapter 11 Trustee for Pearlman.

10.     On March 30, 2007, this Court entered its Order Approving the Chapter 11 Trustee's appointment (Dkt. No. 46).

11. On April 5, 2007, this Court entered its Order for Relief for Pearlman (Dkt. No. 60; the "Order for Relief").

12. On April 18, 2007, Gerard A. McHale, Jr., as Receiver for Trans Continental Studios, Inc., initiated this proceeding by filing on behalf of Debtor a voluntary petition for relief under Chapter 11 of the United Stated Bankruptcy Code.

13. On April 30, 2007, the United States Trustee filed a motion for appointment of a Chapter 11 trustee (TCS Dkt. No. 8), and on May 8, 2007, this Court entered its Order Directing the Appointment of Chapter 11 Trustee (TCS Dkt. No. 14).

14. On May 9, 2007, the United States Trustee filed its Notice of Appointment of Trustee (TCS Dkt. No. 15), appointing the Trustee as the Chapter 11 Trustee in this proceeding.

## THE TRANSFERS

15. Debtor transferred property to or for the benefit of the Defendant two years prior to the Petition Date in the amount and on the dates set forth on **Exhibit A**, which is incorporated herein by reference and made part hereof (the "TCS Two Year Transfers").

16. Debtor transferred property to or for the benefit of the Defendant four years prior to the Petition Date in the amount and on the dates set forth on **Exhibit A**, which is incorporated herein by reference and made part hereof (the "TCS Four Year Transfers").

17. Debtor received less than equivalent value in exchange for the transfer(s) identified above.

18. Debtor was insolvent on the date that the transfer(s) identified above were made by Debtor.

## COUNT I
## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS
## UNDER 11 U.S.C. §§ 548(a)(1)(B) AND 550

19.     Paragraphs 1 through 18 inclusive are realleged and incorporated herein by reference.

20.     This is an adversary proceeding to recover constructive fraudulent transfers pursuant to 11 U.S.C. §§ 548(a)(1)(B), and 550.

21.     Within two years prior to the Petition Date, TCS transferred the TCS Two Year Transfers to or for the benefit of Defendant.

22.     TCS received less than reasonably equivalent value in exchange for transferring the TCS Two Year Transfers to Defendant.

23.     At the time of the TCS Two Year Transfers, TCS was insolvent or became insolvent as a result thereof, and remained insolvent continuously thereafter.

24.     At the time of the TCS Two Year Transfers, TCS was engaged or was about to engage in business or a transaction for which the remaining property of TCS constituted an unreasonably small amount of capital.

25.     At the time of the TCS Two Year Transfers, TCS intended to incur, or believed or reasonably should have believed, that it would incur debts that would be beyond TCS's ability to pay as they matured.

26.     The TCS Two Year Transfers are avoidable under 11 U.S.C. § 548(a)(1)(B).

27.     Pursuant to 11 U.S.C. § 550(a), the recovery of property for the benefit of the TCS estate is authorized to the extent that the TCS Two Year Transfers are avoided under 11 U.S.C. § 548(a)(1)(B).

**WHEREFORE,** the Trustee demands judgment against Defendant as follows: (i) determining that the TCS Two Year Transfers are fraudulent and avoidable under 11 U.S.C. § 548(a)(1)(B); (ii) avoiding the TCS Two Year Transfers and entering judgment in favor of the Trustee against Defendant for the amount of the TCS Two Year Transfers pursuant to Section 550 of the Bankruptcy Code, plus pre-judgment interest from the date of the transfers and post-judgment interest, and costs of suit; (iii) disallowing any claim that Defendant may have against TCS and any other jointly administered debtor, including without limitation, pursuant to and as provided in 11 U.S.C. §502(d); and (iv) for such other and further relief as the Court deems just and proper.

**COUNT II**
**AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS BY TCS UNDER 11**
**U.S.C. §§ 544(B)(1) AND 550 AND FLA. STAT. §§ 726.105(1)(B), 726.106(1), AND 726.108**

28.     Paragraphs 1 through 18 inclusive are realleged and incorporated herein by reference.

29.     This is an adversary proceeding to recover fraudulent transfers pursuant to 11 U.S.C. §§ 544(b)(1) and 550, and FUFTA.

30.     Within four years prior to the Petition Date, TCS transferred the TCS Four Year Transfers to or for the benefit of Defendant.

31.     TCS received no fair consideration in exchange for the TCS Four Year Transfers.

32.     At the time of the TCS Four Year Transfers, TCS was insolvent and remained insolvent continuously thereafter.

33.     At the time of the TCS Four Year Transfers, TCS was engaged in a business or transaction for which its respective remaining property constituted an unreasonably small amount of capital in relation to its business or transaction.

34.    At the time of the TCS Four Year Transfers, TCS intended to incur, believed or reasonably should have believed that it would incur, debts that would be beyond TCS's respective ability to pay as they became due.

35.    There is at least one actual holder of an allowed unsecured claim pursuant to 11 U.S.C. § 502, who would have standing to assert a claim for relief under FUFTA.

36.    The TCS Four Year Transfers are avoidable under Fla. Stat. §§ 726.105(1)(b), 726.106(1), and 726.108(1)(a), and 11 U.S.C. § 544(b)(1).

37.    Pursuant to 11 U.S.C. § 550(a), the recovery of property for the benefit of the TCS estate is authorized to the extent the TCS Four Year Transfers are avoided under 11 U.S.C. § 544(b)(1) and FUFTA.

WHEREFORE, the Trustee demands judgment against Defendant as follows: (i) determining that the TCS Four Year Transfers are fraudulent and avoidable under 11 U.S.C. §§ 544(b) and 550 and FUFTA; (ii) avoiding the TCS Four Year Transfers and entering judgment in favor of the Trustee against Defendant for the amount of the TCS Four Year Transfers pursuant to Section 550 of the Bankruptcy Code, plus pre-judgment from the date of the transfers and post-judgment interest, and costs of suit; (iii) disallowing any claim that Defendant may have against TCS and any jointly administered debtor, including without limitation, pursuant to and as provided in 11 U.S.C. §502(d); and (iv) for such other and further relief as the Court deems just and proper.

## **RESERVATION OF RIGHTS**

The Trustee reserves the right to amend this Complaint to add additional claims that the Trustee may discover.

Dated: April 3, 2009

**AKERMAN SENTERFITT**

/s/    *Denise D. Dell-Powell*

Denise D. Dell-Powell, Esquire
Fla. Bar No. 0890472
Esther McKean, Esquire
Fla. Bar No. 028124
420 S. Orange Ave., Suite 1200
Post Office Box 231
Orlando, Florida 32802
Telephone: (407) 423-4000
Facsimile: (407) 843-6610
Email: Denise.DellPowell@akerman.com
       Esther.McKean@akerman.com

and

Michael I. Goldberg, Esquire
Florida Bar No.: 886602
Las Olas Centre II, Suite 1600
350 East Las Olas Blvd.
Ft. Lauderdale, FL 33301-2229
Phone: (954) 463-2700
Fax: (954) 463-2224
E-mail: Michael.Goldberg@akerman.com

**ATTORNEYS FOR PLAINTIFF**

## Deltamax Freight System
## Disbursement Schedule

| Bank ID # | Entity | Bank Clearing Date | Check No. | Payee | Amount | Memo (on check) |
|---|---|---|---|---|---|---|
| MER-1667 | TC Studios, Inc. | 01/20/04 | 1247 | Deltamax Freight System | 16,040.47 | Invoice 093094, 11/25/03 |
| MER-1667 | TC Studios, Inc. | 04/21/04 | 1381 | Deltamax Freight System | 15,422.11 | Invoice 094181, 12/29/03 |
| MER-1667 | TC Studios, Inc. | 04/02/04 | 1360 | Deltamax Freight System | 15,467.22 | Invoice 093466, 12/15/03 re: MTH |
| | | | | | $ 46,929.80 | |

**EXHIBIT A**